UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RODERICK COOPER, | ) | CASE NO. 5:06 CV 2143 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| DAVE WALTER INCORPORATED, | ) ) | |
| Defendant. | ) | |

On September 6, 2006, plaintiff pro se Roderick Cooper filed the above-captioned in forma pauperis action against Dave Walter Incorporated. For the reasons stated below, this action will be dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint states in its entirety as follows:

> I Roderick Cooper am filling a chages of religons dicrimintione on base of facts (sic).
>
> I asked the court for relief in money damages of One Hundred Fifty Thousand Dollers from being fired from my job for pain ment distress, humitatione emotionly distrought (sic).
>
> I want my job back, I want back pay for time off because of unlawful discharge.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would require the district courts "to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

unwarranted factual inferences. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see also</u> <u>Place v. Shepherd</u>, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint in the case at bar does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. <u>See</u> <u>Lillard v. Shelby County Bd. of Educ,</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

  Accordingly, the request to proceed <u>in forma pauperis</u> (Doc. 2) is granted and this action will be dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  IT IS SO ORDERED.


Dated: May 9, 2007            /s/ John R. Adams
                      JOHN R. ADAMS
                      UNITED STATES DISTRICT JUDGE